May 1, 2026

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Mami Chelo Foundation, et al. v. U.S. Dep't of Immigration and Customs Enforcement, et al.*, No. 1:26 Civ. 637 (PAE)

Dear Judge Engelmayer:

On behalf of the parties in the above-referenced case brought by Plaintiffs Mami Chelo Foundation and Andrew Free (collectively, "Plaintiffs") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"); and Federal Bureau of Investigation ("FBI," together "Defendants"), we write respectfully in advance of the initial pretrial conference scheduled for Wednesday, May 6, 2026 at 3:30 p.m., to update the Court on the status of the case, and to respectfully request an adjournment of the initial conference *sine die* as there are no issues that the parties need to raise with the Court at this time.

**Nature of the Action**

Plaintiffs filed the complaint in this action on January 23, 2026. Dkt. No. 1. Defendants answered the complaint on March 26, 2026. Dkt. No. 34. The FOIA requests at issue were sent to ICE (two requests), CBP (one request), and FBI (one request), seeking certain records related to the death of Cristian Dumitrascu while in the custody of ICE in March 2023.

With respect to the request to FBI, after Defendants answered, FBI made a final production of non-exempt, responsive records, with redactions on April 28, 2026. In response to Plaintiffs' FOIA request, the FBI reviewed 99 pages of records, released 98 pages as responsive, and removed one page which was a duplicate. The 98 pages of released records contain redactions of exempt information pursuant to 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E). Plaintiffs will confer with Defendants regarding questions, concerns, and potential challenges to the adequacy of FBI's search and the propriety of its withholdings.

With respect to the request to CBP, in response to Plaintiffs' FOIA request, CBP made an initial release on August 11, 2025, consisting of seven pages. Plaintiffs appealed, and on February 24, 2026, CBP issued a letter stating that it had located six records consisting of fourteen pages for production. Though CBP released one record to Plaintiffs on February 24, 2026, totaling three pages, due to a technical error, it did not produce the remaining records. After learning of the

Page 2

technical error, CBP released all fourteen pages to Plaintiffs on April 30, 2026. This constitutes CBP's final response. Plaintiffs will confer with Defendants regarding questions, concerns, and potential challenges to the adequacy of CBP's search and the propriety of its withholdings.

With respect to the requests to ICE, ICE has located documents responsive to Plaintiffs' first request for the Detainee Death Review created following Mr. Dumitrascu's death. ICE estimates that it will produce those records, subject to applicable exemptions, on or before May 11, 2026. In the complaint, Plaintiffs have also requested that ICE affirmatively publish all Detainee Death Reviews on its website in the ICE FOIA library pursuant to 5 U.S.C. § 552(a)(2). ICE is considering this request and will advise Plaintiffs of its position as soon as possible. With respect to Plaintiffs' second request to ICE for the Corrective Action Plan following Mr. Dumitrascu's death and related documents, ICE is currently conducting searches to identify potentially responsive records, and estimates that it will complete its searches no later than one month from today. ICE will make all reasonable efforts to complete its searches in response to Plaintiffs' second request as soon as possible. After those searches are complete, ICE will produce non-exempt, responsive records as soon as practicable, depending on the volume of records identified as responsive. Counsel will meet and confer to negotiate a processing and release schedule.

**The Parties Respectfully Submit That No Case Management Plan Is Necessary**

Because this is an action brought under FOIA, which in essence seeks review of agency action, Local Civil Rule 16.1 exempts the parties from the requirement of a mandatory scheduling order contained in Federal Rule of Civil Procedure 16(b). Accordingly, the parties respectfully request to be excused from the requirement to file a case management plan and scheduling order pursuant to Federal Rule of Civil Procedure 26(f), the Court's individual rules, and the Notice of Initial Pretrial Conference (Dkt. No. 35). Furthermore, the parties respectfully submit that an initial pretrial conference and a discovery schedule are not needed at this time because the parties expect that, should litigation be necessary, this case, like most FOIA cases, will be resolved through cross-motions for summary judgment following the conclusion of Defendants' search for, and production of, responsive, non-exempt records. *See Wood v. F.B.I.*, 432 F.3d 78, 85 (2d Cir. 2005). The parties respectfully request that the Court permit the parties to submit a further status report on June 5, 2026, advising the Court of the parties' progress on this matter. We thank the Court for its consideration of this request.

Page 3

Respectfully submitted,


POLLOCK COHEN LLP                    JAY CLAYTON
*Counsel for Plaintiffs*             United States Attorney for the
                                     Southern District of New York
                                     *Counsel for Defendants*


By: s/ *Emily Hockett*               By:  s/ *Carly Weinreb*[1]
    Emily Hockett, Esq.                   CARLY WEINREB
    Adam Pollock, Esq.                    Assistant United States Attorney
    111 Broadway, Suite 1804              86 Chambers St., 3rd Floor
    New York, NY 10006                    New York, New York 10007
    Emily@PollockCohen.com                Carly.Weinreb@usdoj.gov
    Adam@PollockCohen.com                 (212) 637-2769
    (212) 337-5361




GRANTED. The initial pre-trial conference scheduled
for May 6, 2026 at 3:30 p.m. is adjourned *sine die*. The
parties are to provide the Court with a joint status update
on June 5, 2026.

SO ORDERED.

_____
    PAUL A. ENGELMAYER
    United States District Judge

Dated: May 4, 2026
       New York, New York

_____

[1] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(b).